PETER LEWIS et al. *v.* WASHINGTON WATSON et al.

**Appeal and Error — Final Judgment.**

Where, by the decree of the chancellor, the judgment is left open to a contingency or act to be performed by one of the litigants, it is not such a final judgment as will give the appellate court jurisdiction upon appeal.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 1, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The purposes for which the action in equity was brought were to have defined what are the powers and duties of the trustees under the respective deeds of trust by which the church property is held, and to secure the true beneficiaries therein, in the undisturbed enjoyment of those rights, by requiring said trustees to execute the trusts. By the judgment, it is true, the church property is ordered to be delivered over as a place of worship to those of the congregation who hold membership " in the Methodist Episcopal Church South, if the Methodist Episcopal Church shall take charge thereof " looking to this contingency or condition in the judgment, and the concluding sentence by which the chancellor retains the cause, and reserves the power " to make any other order, or appropriate judgment." We are satisfied that said judgment is not final, and over which this court cannot, therefore, take jurisdiction.

The chancellor may at any time change or modify his judgment, and for the redress of any grievances growing out of this controversy his court is the proper tribunal to apply to, and where we must assume all proper relief will be granted. And this court must wait until that door is finally closed before its duty begins. Wherefore, the original and cross-appeals are both dismissed.

*Dembitz & Speed,* for Appellants.

*Harrison & Bennett,* for Appellees.